UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Randy Bendzula,    Civil No. 07-651 (JMR/FLN)

    Petitioner,

v.    **REPORT AND RECOMMENDATION**

State of Minnesota,

    Respondent.

_____

*Pro Se* Petitioner.
Todd P. Zettler, Special Assistant Scott County Attorney, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on the Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [#1]. Respondent filed a motion to dismiss Petitioner's petition [#10]. This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Respondent's motion to dismiss be granted and that the petition be dismissed with prejudice.

### I. BACKGROUND

Petitioner was convicted in Scott County, Minnesota, of two counts of first-degree sale of cocaine. The Minnesota Court of Appeals affirmed Petitioner's sentence on March 16, 2004. *State v. Bendzula*, 675 N.W.2d 920 (Minn.App. 2004). No further direct appeals were filed in Petitioner's case.

On December 1, 2004, Petitioner filed his first petition for post-conviction relief in Scott County. (Affidavit of Todd P. Zettler (hereinafter referred to as "Zettler Aff.") Ex. A.) The petition

for post-conviction relief was denied and Petitioner petitioned the Minnesota Supreme Court for further review. (Zettler Aff. Ex. B.) On November 22, 2005, the Minnesota Supreme Court denied discretionary review of Petitioner's petition for post-conviction relief. (Zettler Aff. Ex. B.) On March 15, 2006, Petitioner filed a second petition for post-conviction relief in Scott County. (Zettler Aff. Ex. C.) Petitioner's second petition for post-conviction relief was denied by the Scott County District Court on April 17, 2006, because Petitioner had previously addressed the same issues in his first petition for post-conviction relief. (Zettler Aff. Ex. D.) Petitioner did not appeal this denial. On May 19, 2006, Petitioner filed his third petition for post-conviction relief in Scott County. (Zettler Aff. Ex. E.) On August 4, 2006, Petitioner's third petition for post-conviction relief was denied by the Scott County District Court because Petitioner raised the same issues in his third petition as he had in his first and second petitions. (Zettler Aff. Ex. F.)

On August 24, 2006, Petitioner filed a petition for declaratory judgment with the Minnesota Court of Appeals. (Zettler Aff. Ex. G.) On October 10, 2006, the Minnesota Court of Appeals dismissed Petitioner's petition for declaratory judgment because the Minnesota Court of Appeals lacked jurisdiction to hear Petitioner's claim. (Zettler Aff. Ex. H.) Petitioner thereafter filed a motion in the Minnesota Supreme Court for discretionary review of the Minnesota Court of Appeal's order dismissing his petition for declaratory judgment. On January 3, 2007, the Minnesota Supreme Court dismissed Petitioner's motion for review as untimely. (Zettler Aff. Ex. I.) On January 31, 2007, Petitioner filed his petition for a writ of habeas corpus with this Court. (Docket Number 1.)

## II.  DISCUSSION

A.  **The Petition is Untimely and Should be Dismissed.**

28 U.S.C. § 2244(d) states

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Therefore, according to the statute, a state prisoner seeking habeas corpus relief from a state court conviction or sentence must file his petition within one year after the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of time for seeking such review." *Id*. The statute permits this date to be modified in the event that (1) the inability to file in a timely manner was due to an impediment that was imposed by the State; (2) the prisoner's petition relies on a newly recognized right by the Supreme Court and the Supreme Court makes the newly recognized right retroactively applicable to cases on collateral review; or (3) the date the prisoner's judgment of conviction becomes final differs from the date on which the facts that underlie the claims presented could have been discovered through the exercise of due diligence. *Id*. In addition, the statute of limitations includes a tolling period, and states that the time during

which a properly filed application for State post-conviction or other collateral review is pending does not count toward any period of limitation under 28 U.S.C. § 2244(d). *Id*.

In the present case Petitioner's conviction was affirmed by the Minnesota Court of Appeals on March 16, 2005. Pursuant to the Minnesota Rules of Civil Appellate Procedure, "[a]ny party seeking review of a decision of the Court of Appeals shall separately petition the Supreme Court. The petition with proof of service shall be filed with the clerk of the appellate courts within 30 days of the filing of the Court of Appeals' decision." MINN. R. CIV. APP. P. 117, subd. 1. Therefore, Petitioner had 30 days after March 16, 2005, to file his petition for review with the Minnesota Supreme Court. Since Petitioner's time for petitioning the Minnesota Supreme Court for discretionary review expired on April 15, 2004, and Petitioner failed to file a petition for discretionary review with the Minnesota Supreme Court, Petitioner's conviction became final on April 15, 2004.

After the expiration of the time Petitioner could seek review of his conviction by the Minnesota Supreme Court, when Petitioner's conviction became final, Petitioner pursued various post-conviction remedies. As stated above, the one year statute of limitations for habeas corpus petitions includes a tolling period, which states that the time during which a properly filed application for State post-conviction or other collateral review is pending does not count toward any period of limitation under 28 U.S.C. § 2244(d). 28 U.S.C. § 2244(d)(2). Therefore, a review of the various post-conviction actions undertaken by Petitioner is necessary to properly analyze whether Petitioner has filed a timely habeas corpus petition pursuant to 28 U.S.C. § 2244(d).

Petitioner filed his first petition for post-conviction relief on December 1, 2004, 230 days after his conviction became final. As stated by the Eighth Circuit Court of Appeals, "the time

between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year [statute of limitations] period." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). Therefore, 230 days elapsed before Petitioner first tolled the statute of limitations by filing his first petition for post-conviction relief in Scott County District Court on December 1, 2004.

28 U.S.C. § 2244(d)(2) states that the time during which a properly filed application for State post-conviction or other collateral review is pending does not count toward any period of limitation under 28 U.S.C. § 2244(d). The United States Supreme Court has stated that pending State post-conviction or other collateral review includes "the time between a lower state court's decision and the filing of a notice of appeal to a higher state court." *Carey v. Saffold*, 536 U.S. 214, 217-21 (2002). Therefore, in the present case, the statute of limitations period was tolled between the time when Petitioner filed his first petition for post-conviction relief, on December 1, 2004, and the time that the Minnesota Supreme Court ultimately denied discretionary review on November 22, 2005.

Once the Minnesota Supreme Court denied discretionary review of Petitioner's first petition for post-conviction relief, the statute of limitations period began to run again. 112 days elapsed between November 22, 2005, and March 15, 2006, the date on which Petitioner filed his second petition for post-conviction relief. These 112 days count against the statute of limitations, as there was no pending State post-conviction or other collateral review action active during this time.

The Court will assume, without deciding, that the statute of limitations period was again tolled on March 15, 2006, when Petitioner filed his second petition for post-conviction relief, notwithstanding the fact that the second petition was procedurally barred. Petitioner's petition was denied on April 17, 2006. According to the Minnesota Rules of Criminal Procedure, Petitioner had

60 days after the entry of the order denying his petition for post-conviction relief within which to appeal that order. MINN. R. CRIM. P. 28.02, subd. 4(3) ("An appeal from an order denying a petition for post-conviction relief shall be taken within 60 days after entry of the order.") Petitioner did not appeal the denial of his second petition for post-conviction relief but, rather, filed a third petition for post-conviction relief on May 19, 2006. Petitioner filed his third petition within the 60 day period for appealing the denial of the second petition for post-conviction relief; therefore, the statute of limitations was tolled for the time period between the denial of the second petition and the filing of the third petition.

Petitioner's third petition was summarily denied on August 3, 2006. Petitioner did not appeal this decision. As stated above, Petitioner had 60 days after the entry of the order denying his petition for post-conviction relief within which to appeal that order. MINN. R. CRIM. P. 28.02, subd. 4(3). Therefore, Petitioner had until October 3, 2006, to appeal the denial of his third petition for post-conviction relief. Once the time for discretionary review of the third petition for post-conviction relief had run on October 3, 2006, the statute of limitations period again began to run.[1]

---

[1] Petitioner did not appeal the denial of the third petition for post-conviction relief; however, on August 16, 2006, Petitioner filed a petition in the Minnesota Court of Appeals requesting declaratory judgment pursuant to Minnesota's Administrative Procedures Act, Minn. Stat. § 14.44. This filing is not a properly filed collateral attack on Petitioner's criminal conviction; therefore, this filing does not toll the statute of limitations. 28 U.S.C. § 2244(d)(2) states that "the time during which a *properly filed* application for state post-conviction or other collateral review *with respect to the pertinent judgment or claim* is pending shall not be counted toward any period of limitation under this subsection." (emphasis added). In the present case Petitioner filed a motion for declaratory judgment "upon the ground that the rule (31.02 Plain Error of Jury Instructions) threatened application, interferes with or impairs, or threatens to interfere with or impair the legal right or privileges of petitioner. Petitioner's constitutional rights to a fair trial have been violated." (Zettler Aff. Ex. G.) A petition for declaratory judgment pursuant to Minn. Stat. § 14.44, which attacks the validity of Minnesota Rule of Criminal Procedure Rule 31.02, is not a proper vehicle to wage a collateral attack on Petitioner's criminal conviction. Indeed, the Minnesota Court of Appeals held that it "did not have

Petitioner filed his petition for a writ of habeas corpus in this Court on January 31, 2007. Between October 3, 2006, and January 31, 2007, 120 days elapsed. These 120 days count against the statute of limitations, as there was no pending State post-conviction or other collateral review action active during this time.

As stated above, 230 elapsed between the time Petitioner's conviction became final and the time Petitioner filed his first petition for post-conviction relief. 112 days elapsed between the time the Minnesota Supreme Court denied discretionary review of Petitioner's first petition for postconviction relief and the time Petitioner filed his second petition for postconviction relief. Finally, 120 days elapsed between the time Petitioner's ability to appeal the denial of his third petition ended and the time Petitioner filed his habeas corpus petition in this court. Therefore, a total of 462 days have elapsed between the time Petitioner's conviction became final and the time Petitioner filed his habeas corpus petition in this Court.

28 U.S.C. § 2244(d) requires that a petition for habeas corpus be filed within one year of the date the conviction becomes final. In the present case Petitioner did not file the current petition within 365 days of the date on which his conviction became final, excluding all time periods within which the statute of limitations was tolled because Petitioner was seeking post-conviction relief in the state court. Therefore, the Court recommends that Respondent's motion to dismiss be granted and that Petitioner's petition be dismissed with prejudice as it was not filed within the statute of limitations as required by 28 U.S.C. § 2244(d).

---

jurisdiction under Minn. Stat. § 14.44 to review the validity of a rule of criminal procedure promulgated by the supreme court." (Zettler Aff. Ex. H.) Accordingly, neither the petition for declaratory judgment, nor the motion for review of the Court of Appeals' denial of that petition, tolls the statute of limitations in this case.

### III. RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Respondent's motion to dismiss [#10] be **GRANTED** and that Petitioner's Petition for Writ of Habeas Corpus [#1] be **DISMISSED WITH PREJUDICE**.


DATED: June 5, 2007                                s/ *Franklin L. Noel*
                                                   FRANKLIN L. NOEL
                                                   United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 22, 2007,**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.